344 So.2d 921 (1977)
Joseph FARRUGIA, Petitioner,
v.
W.D. FREDERICK, Jr., Chairman, et al., Respondents.
No. BB-409.
District Court of Appeal of Florida, First District.
April 6, 1977.
Rehearing Denied May 11, 1977.
*922 Charles H. Netter, South Miami, for petitioner.
William P. White, Tallahassee, for respondents.
PER CURIAM.
This is a Petition for Review of Final Agency Action of the Environmental Regulation Commission of the Department of Environmental Regulation of the State of Florida.
The Petitioner, Joseph Farrugia, is a fee simple owner of property located on Vaca Key, Monroe County, Florida, which he purchased in 1969. The property had been platted as a subdivision, showing an undug canal with adjacent lots. Mr. Farrugia applied for a permit to construct a proposed boat basin and access channel, plus the excavation of a canal similar to the one shown on the plat. The application was presented to both the Board of Trustees of the Internal Improvement Trust Fund under provisions of Chapter 253, Florida Statutes, and to the Department of Pollution Control in the form of a combined permit under the provisions of Chapter 403, Florida Statutes, and water quality certification under Section 401(a)(1) of Public Law 92-500, 86 Stat. 816.
Faced with a recommended denial of his request, the Petitioner presented this matter to a duly appointed Hearing Examiner. The Hearing Examiner recommended that the permits and certification for the boat basin and access channel be granted but recommended that permits be denied for the proposed canal. The Hearing Examiner found that there would be water quality degradation in the proposed dead-end upland canal and the construction would have an adverse effect on Class III waters as specified in Chapter 17-3 of the Florida Administrative Code. This action was reviewed by the Environmental Regulation Commission of the State of Florida. The Commission found there was competent substantial evidence to support the finding and recommendations of the Hearing Examiner and confirmed his recommendation of granting the boat basin and access channel but denying the request to construct the canal on the land.
This matter is before this Court, therefore, on whether the evidence in the record supports the finding that the construction of the proposed upland canal would affect Class III waters as described in the Administrative Code. (Class III waters are defined as waters for recreation, propagation and management of fish and wildlife.) The evidence in this record discloses that the waters in the canal would have insufficient oxygen, that the water would tend to have a foul odor at times because of the accumulation of noxious gases, that grass would float in and be trapped, thereby sinking to the bottom, and that fish life could not exist in the water because of poor oxygen and the gases. The Petitioner's chief witness agrees that the canal would not be a good idea because of the foregoing and for the reason that a canal would not maximize the biological potential productivity of the area. He felt that the ill effects would be restricted to the waters within the canal itself, however. Other witnesses felt that the canal waters could likely cause damage to outside waters. It *923 appears to this Court that the foregoing is substantial competent evidence to support the finding of the Environmental Regulation Commission to deny the application.
Petitioner claims that the denial takes his property without due process of law. This Court recognized the applicability of standards for water quality in the case of Sexton Cove Estates, Inc. v. State of Florida Pollution Control Board, 325 So.2d 468 (1st D.C.A., 1976), although in that case the regulations were not applicable as construction had taken place prior to their enactment. Admittedly, the Petitioner desires to construct the canal so that the lots he desires to sell will bring a higher price. Refusal of the right to construct the canal is not depriving the Petitioner of the right to use his property, but is merely restricting the profit that he could make on it. Certainly the action of the Commission shows no indication of arbitrariness or capriciousness. Its action was similar to the Trustees' action in the case of James E. Yonge v. Reubin O'D. Askew, 293 So.2d 395 (Fla. 1st Dist. 1974), wherein it was noted:
"... Their decision appears to us to be a conscientious effort to serve what they conceive to be the public interest as distinguished from the private interest of petitioner."
This appears just as true in this case.
Petitioner has failed to demonstrate by the record evidence sufficient to overcome a presumption of correctness which clothed the actions of Respondent. Certiorari is, therefore, denied.
BOYER, C.J., McCORD, J., and McDONALD, PARKER LEE, Associate Judge, concur.